UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CR-258-M

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| TRACEY DIXON PERRY ) | |
| ) | |

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

### *Individual and Entities*

1. The defendant, TRACEY DIXON PERRY (PERRY), was a resident of Zebulon, North Carolina.

2. PERRY owned and operated Dixon Paving, Inc. (Dixon Paving), an asphalt milling and paving business formed in 2015 and located in Raleigh, North Carolina.

3. Dixon Contracting, LLC (Dixon Contracting) was an affiliate of Dixon Paving formed in 2019 and located in Raleigh, North Carolina.

### *Bankruptcy Background*

4. The United States Constitution granted Congress the authority "to establish . . . uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8. Exercising that authority, Congress enacted the Bankruptcy Code (Title 11), which governs bankruptcies in the United States. The bankruptcy system aims to relieve debtors of certain financial obligations they are

unable to satisfy by providing them with a "fresh start," while also attempting to preserve the interests of creditors and other stakeholders by maximizing creditor return on debts in an orderly and efficient fashion.

5. A case filed under Chapter 11 of the Bankruptcy Code is often referred to as a "corporate reorganization". Usually, the debtor remains "in possession," has the powers and duties of a trustee, may continue to operate its business, and may, with court approval, borrow new money. A plan of reorganization is proposed, creditors whose rights are affected may vote on the plan, and the plan may be confirmed by the court if it gets the required votes and satisfies certain legal requirements.

6. Upon filing a voluntary petition for relief under Chapter 11, the debtor automatically assumes an additional identity as a "debtor in possession" (DIP). As The term refers to a debtor that keeps possession and control of its assets while undergoing a reorganization under Chapter 11, without the appointment of a case trustee.

7. The DIP is a fiduciary with various duties and responsibilities, including accounting for property, examining and objecting to claims, and filing required informational reports with the court, such as monthly operating reports. The DIP is also required to close existing bank accounts and open new bank accounts ("DIP accounts") into which all estate funds must be deposited, including, for example, revenue from ongoing operations.

2

## *Dixon Paving's Chapter 11 Bankruptcy Case*

8. On February 10, 2020, Dixon Contracting opened a business bank account at Truist ending 9358 ("Secret Account 9358").

9. On February 14, 2020, Dixon Paving filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of North Carolina (Case No. 20-656-DMW). PERRY signed the petition as Dixon Paving's president and authorized representative. The Bankruptcy Court confirmed Dixon Paving's plan of reorganization on November 12, 2020.

10. On February 14, 2020, PERRY deposited a check made payable to Dixon Paving—not Dixon Contracting—into Secret Account 9358. For the remainder of the bankruptcy case, every check deposited into Secret Account 9358 was also made payable to Dixon Paving.

11. On February 28, 2020, PERRY opened a business bank account for Dixon Paving at Truist ending 9064 ("Secret Account 9064"). On the same date, Dixon Paving's schedule of assets and liabilities, which PERRY signed under penalties of perjury, was filed with the Bankruptcy Court. Although required to list all of Dixon Paving's bank accounts, PERRY concealed Secret Accounts 9358 and 9064.

12. On March 2, 2020, PERRY opened four DIP bank accounts for Dixon Paving at First Citizens Bank.

13. Throughout the bankruptcy case, Dixon Paving filed monthly reports in which PERRY, among other things, falsely and fraudulently certified under penalties of perjury that all estate funds were being deposited into the DIP accounts

3

when, in fact, she deposited, or caused to be deposited, estate funds into the Secret Accounts totaling more than $1 million.

14. On April 22, 2020, the meeting of creditors was convened. PERRY falsely stated under oath that Dixon Paving's revenues were being deposited into the DIP accounts.

15. On May 6, 2020, PERRY, on behalf of Dixon Paving, applied for a $183,500 loan from Truist through the Paycheck Protection Program (PPP).[1] The application asked whether Dixon Paving was "presently involved in any bankruptcy." PERRY falsely answered "no". In truth, Dixon Paving remained in bankruptcy proceedings at the time, which would have rendered it ineligible for a PPP loan. The PPP application was subsequently approved and Truist deposited $183,500 into Secret Account 9064 on or about May 9, 2020. In the monthly bankruptcy report for the May 2020 period, PERRY falsely indicated that Dixon Paving had not received any loans from third parties.

## CHARGE
### (Concealment of Bankruptcy Assets)

16. The preceding paragraphs of this Information are incorporated herein by reference as factual allegations.

17. From at least in or about February 10, 2020, and continuing until at least in or about January 6, 2021, both being approximate and inclusive, in the Eastern District of North Carolina, the defendant, TRACEY DIXON PERRY, did

---

[1] The PPP program was a U.S. Small Business Administration program designed to provide forgivable loans to small businesses to help them retain employees and cover certain other expenses during the COVID-19 pandemic.

4

knowingly and fraudulently conceal property belonging to Dixon Paving, Inc., Bankruptcy Case No. 20-656-DMW, specifically, Truist bank accounts ending 9358 and 9064 and funds therein, from the United States Bankruptcy Court, the United States Bankruptcy Administrator, and creditors of the bankruptcy estate.

All in violation of Title 18, United States Code, Section 152(1).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment

a) A sum of money representing the gross proceeds of the offense charged herein against TRACEY DIXON PERRY.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the

intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

W. ELLIS BOYLE
United States Attorney

*/s/ Adam F. Hulbig*

ADAM F. HULBIG
Assistant United States Attorney
Criminal Division

*/s/ Adam F. Hulbig for*

BRIAN C. BEHR
Special Assistant United States Attorney
Criminal Division

Date: 9/18/25

6